IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED BRICK & FIREPLACE, INC.,

                       Plaintiff,

  v.                                                  OPINION and ORDER

BASALITE BUILDING PRODUCTS, LLC d/b/a
INTERSTATE BRICK, JIREH BRICK & STONE LLC,      24-cv-305-jdp
and THE BRICKYARD INCORPORATED,

                       Defendant.

---

Plaintiff United Brick & Fireplace Inc. distributed specialty brick products under an exclusive contract with defendant manufacturer Interstate Brick. Interstate Brick terminated the agreement and contracted instead with defendants Jireh Brick & Stone, LLC and The Brickyard Incorporated, authorizing them to solicit United Brick's customers. United Brick sued in state court, asserting that Interstate Brick violated the Wisconsin Fair Dealership Act when it terminated the exclusive contract, and that Jireh Brick & Stone and The Brickyard tortiously interfered with United Brick's exclusive contract to sell Interstate Brick products.

The question before the court is whether to remand this case to state court. Interstate Brick asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332; but § 1332 requires the plaintiff and defendants to be citizens of different states and Interstate Brick acknowledges that United Brick, Jireh Brick & Stone, and The Brickyard are all Wisconsin citizens. Interstate Brick contends that Jireh Brick & Stone and The Brickyard should be dismissed as improperly joined. But the court sees no reason for dismissal, so it will remand this case to state court for lack of jurisdiction.

ALLEGATIONS OF FACT

The court draws the following facts from the complaint and from the declaration United Brick submitted along with its motion to remand.

United Brick, a Wisconsin corporation, has distributed Interstate Brick products in Wisconsin for over 30 years under an exclusive dealership agreement. Interstate Brick is a fictitious business name of Basalite Building Products, LLC, a limited liability company owned by California corporation Pacific Coast Building Products, Inc. In January 2024, Interstate Brick terminated the exclusive dealership agreement, citing incurable deficiencies. Interstate Brick authorized Jireh Brick & Stone and The Brickyard, both Wisconsin-based entities, to distribute its products and allegedly encouraged them to solicit United Brick's customers.

United Brick filed suit in the Circuit Court for Dane County, alleging that Interstate Brick violated the Wisconsin Fair Dealership Law and that Jireh Brick & Stone and The Brickyard tortiously interfered with its contractual relationships. Interstate Brick removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446, contending that the Wisconsin defendants were improperly joined to defeat federal diversity jurisdiction. United Brick moves to remand, contending that the Wisconsin defendants are proper parties to the action.

ANALYSIS

Interstate Brick contends that the Wisconsin defendants, Jireh Brick & Stone and The Brickyard, were improperly joined in this action, for two reasons. First, Interstate Brick contends that the Wisconsin defendants were fraudulently joined because United Brick's claims against them have no chance of success. Second, Interstate Brick contends that the

2

Wisconsin defendants were fraudulently misjoined because United Brick had no basis to join them as parties in this case. The court will address each contention in turn.

**A. Fraudulent joinder**

The doctrine of fraudulent joinder is an exception to the general rule prohibiting federal jurisdiction over state-law claims when a plaintiff and defendant share state citizenship. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). The doctrine allows federal courts to disregard the citizenship of non-diverse defendants, assume jurisdiction, dismiss the non-diverse defendants, and thereby retain jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

The removing defendant bears a "heavy burden" to show that fraudulent joinder applies. *Poulos*, 959 F.2d at 73. It can meet that burden in two ways: (1) by showing that the plaintiff misstated jurisdictional facts; or (2) by showing that there is no possibility the plaintiff could state a cause of action against the non-diverse defendants in state court. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Interstate Brick relies on the second method.

This court described the standard for fraudulent joinder in detail in *Gibson v. Sunbelt Rentals, Inc.*, No. 21 cv 808 jdp, 2022 WL 2713408 (W.D. Wis. July 13, 2022), so it will summarize it only briefly here. The key question is whether the plaintiff's claim against the non-diverse defendant is "utterly groundless." *Walton*, 643 F.3d at 999. The court first looks at the allegations in the complaint to determine whether there is a "reasonable possibility" that a state court would conclude that the complaint states a claim. *Gibson*, 2022 WL 2713408, at *2 (quoting *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)). The court draws all reasonable inferences of fact and resolves uncertainties of state law in the plaintiff's favor. *Poulos*, 959 F.2d at 73. The court may also consider any evidence that the

3

plaintiff has submitted to supplement the allegations in the complaint. *Gibson*, 2022 WL 2713408, at *2.

United Brick brings claims for tortious interference with contract against the Wisconsin defendants. A tortious interference claim under Wisconsin law has five elements: (1) a contract; (2) interference by the defendant that was (3) intentional; (4) caused the plaintiff's damages; and (5) was unjustified. *Brew City Redevelopment Grp., LLC v. Ferchill Grp.*, 2006 WI 128, ¶ 37 n.9, 297 Wis. 2d 606, 724 N.W.2d 879. United Brick alleges that when Interstate Brick terminated its exclusive contract with United Brick, it told the Wisconsin defendants to solicit United Brick's customers, and that both defendants proceeded to do so. Dkt. 1-1, ¶¶ 28, 65, 77. It is reasonable to infer from these allegations that the Wisconsin defendants knew that United Brick had an exclusive contract to sell Interstate Brick products to these customers and intentionally interfered by soliciting the customers to contract with them instead. So it is at least reasonably possible that a state court would allow United Brick to proceed with tortious interference claims against the Wisconsin defendants.

Interstate Brick contends that United Brick's allegations are insufficient because United Brick doesn't identify any specific customers the defendants solicited and doesn't provide factual allegations about damages. But that level of detail is not required at the pleading stage.[1] *See Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (identity of specific customers not

---

[1] The Seventh Circuit has not decided whether state or federal pleading standards apply to questions of fraudulent joinder. *See Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv., Inc.*, No. 13-C-1008, 2013 WL 6230675, at *4–*6 (E.D. Wis. Dec. 2, 2013) (discussing the issue). But the Wisconsin and federal pleading standards are not meaningfully different; both require the plaintiff to "allege facts that, if true, plausibly suggest a violation of applicable law." *Data Key Partners v. Permira Advisers LLC*, 849 N.W.2d 693 (Wis. 2014) (describing federal pleading standards as "consistent with our precedent"). The court need not decide which standard applies because its conclusion would be the same under either standard.

required to state a claim for tortious interference); *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018) (Plaintiffs are not required to plead damages).

Further, supplemental materials submitted by the plaintiff may be considered to determine whether there has been fraudulent joinder. *Gibson*, 2022 WL 2713408, at *2. United Brick submitted a declaration from one of its owners along with its motion to remand, identifying specific customers who were solicited and alleging that United Brick suffered "hundreds of thousands of dollars in lost sales" from losing these customers. Dkt. 16. So even if United Brick needed to allege details about customers and damages, the supplemental declaration cures any deficiency.

Interstate Brick also contends that the Wisconsin defendants did not act tortiously because their statements to customers that United Brick could no longer fulfill Interstate Brick orders were truthful. But this contention relies on inferences that the court cannot draw at the pleading stage. The complaint doesn't say when the Wisconsin defendants began soliciting United Brick customers, so the court cannot infer that the solicitation began only after United Brick's contract was terminated. Further, United Brick asserts that the contract is still enforceable because it was unlawful for Interstate Brick to terminate it. If the Wisconsin defendants knew that the contract was still enforceable, then their statements to United Brick's customers would not have been truthful. The court cannot dismiss the Wisconsin defendants at the pleading stage on the basis of facts that haven't yet been established.

## B. Fraudulent misjoinder

The fraudulent misjoinder doctrine, first articulated in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), applies when a plaintiff improperly joins unrelated claims or parties to defeat federal diversity jurisdiction. A non-diverse party is fraudulently

5

misjoined if the claims against the non-diverse party are so distinct from those against the diverse party that the non-diverse party's joinder would be "egregiously improper" under Federal Rule of Civil Procedure 20. *Id.*

Fraudulent misjoinder has not yet been adopted by any court in this circuit. The court of appeals has not addressed the doctrine, but several district courts in this circuit have explicitly declined to adopt it. *See, e.g., Evans v. Bristol–Myers Squibb Co.*, No. 12 C 5005, 2012 WL 4956460 (N.D. Ill. Oct. 16, 2012); *WML Gryphon Fund, LLC v. Wood, Hat & Silver, LLC*, No. 13–C–156, 2013 WL 2405439, at *3 (E.D. Wis. May 31, 2013) ; *Sabo v. Dennis Techs., LLC*, No. 07–CV–283–DRH, 2007 WL 1958591 (S.D. Ill. July 2, 2007). These courts rejected fraudulent joinder as an improper expansion of the scope of federal diversity jurisdiction, concluding that "[w]hether viable state-law claims have been misjoined—even 'egregiously' misjoined—is a matter to be resolved by a state court." *Evans*, 2012 WL 4956460, at *2 (quoting *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006)).

But the court need not decide whether to adopt fraudulent misjoinder. Even if fraudulent misjoinder were a viable theory in this circuit, it would not justify dismissing the Wisconsin defendants. United Brick's claims against all three defendants arise from a common event: the termination of United Brick's exclusive contract to sell Interstate Brick products. The claims also share common questions of law and fact, including whether the termination of the contract was unlawful and how much business United Brick lost. United Brick would be permitted to join the Wisconsin defendants under Rule 20, so their joinder was not "egregiously improper."

ORDER

IT IS ORDERED that:

1. Plaintiff United Brick & Fireplace Inc.'s motion to remand, Dkt. 13, is GRANTED.

2. Defendant Interstate Brick's motion to dismiss, Dkt. 6, is DENIED as moot.

3. The clerk of court is directed to REMAND this case to the Circuit Court for Dane County.

Entered March 18, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge